IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DARLIN GRAY, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

TWITTER, INC.,

*Defendant*.

No. 2:20-cv-1389

CLASS ACTION COMPLAINT

JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other allegations, based on investigation of counsel. This investigation included, *inter alia*, a review of public statements and disclosure materials prepared by Defendant; review of Federal Trade Commission filings; FOIA requests to FTC; media reports; interviews; social media; and other information concerning Defendant. The investigation of the facts pertaining to this case is continuing. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## I. INTRODUCTION

1. Privacy is a 21st century civil rights issue that affects everyone who interacts on digital platforms.

2. Behemoth providers of ubiquitous digital platforms make promises of privacy when they solicit users. Too often, those promises are not kept.



Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

3. Many powerful actors who violate individuals' civil rights, including privacy rights, thereafter contest whether any damages resulted from their wrongful conduct.

4. Those powerful companies disregard their promises to users about privacy because of strong financial incentives. Using and trading in private user data can be extraordinarily lucrative for those companies which do so.

5. Yet those same companies routinely contend that, despite the degree to which they profit from refusing to honor the privacy choices exercised by users, there is no comparable, measurable financial harm to those whose rights they violate.

6. Privacy violators also often contend that the harm to an individual is *de minimus*, thereby making it prohibitively expensive for an individual to protect her privacy rights.

7. As with other civil rights violations, legislation has begun to address this issue.

8. As with other civil rights violations, legislatures have established statutory violations, and set a specific amount of statutory damages, together with an award of attorneys' fees and the costs of suit.

9. Washington state has done exactly this, in order to ensure judicial recourse to protect the civil right in privacy of users' phone numbers and other records against improper procurement and use.

10. This suit seeks statutory damages together with attorneys' fees, other costs of litigation, and prejudgment interest, resulting from the acts of Defendant Twitter, Inc. ("Twitter") which engaged in the unauthorized procurement of telephone records of Plaintiff and the Class in violation of RCW 9.26A.140.

11. Plaintiff is entitled to bring this private action to enforce RCW 9.26A.140 by virtue of that statute and by virtue of RCW 9A.82.010 and 9A.82.100.

## II. Jurisdiction And Venue

12. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5,000,000 exclusive of interest and costs



Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

and all members of the putative class of plaintiffs are citizens of a State different from Defendant Twitter, Inc. ("Twitter").

13. This Court has personal jurisdiction over Twitter because it has purposefully directed its activities at this State and this judicial district, including by opening and maintaining and office and employees in this State and judicial district.

14. Twitter has also consummated a transaction with at least one resident of the State and judicial district, including Plaintiff.

15. This Court has personal jurisdiction over Twitter because it has performed acts by which it purposefully avails itself of the privilege of conducting activities in this State and judicial district, thereby invoking the benefits and protections of the laws of this State.

16. This Court has personal jurisdiction over Twitter because the claim arises out of or relates to Twitter's forum-related activities.

17. This Court has personal jurisdiction over Twitter because the exercise of jurisdiction over Twitter as to the allegations of this Complaint comport with fair play and substantial justice.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claim occurred in this State and judicial district and because Twitter is subject to personal jurisdiction in this State and judicial district.

## III. Parties

19. Plaintiff Darlin Gray ("Gray") is a Twitter user with the username @darlingray.

20. Plaintiff Gray is now, and at all times relevant to this Complaint has been, a Washington resident.

21. Twitter is a Delaware Corporation with a principal place of business in San Francisco, California.

22. Twitter is a for-profit company.

23. Twitter acts at all times for financial gain.



Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

## IV. Facts

### A. Twitter Is A Telecommunications Company.

24. Under Washington law, "'[t]elecommunications' is the transmission of information by wire, radio, optical cable, electromagnetic, or other similar means. As used in this definition, 'information' means knowledge or intelligence represented by any form of writing, signs, signals, pictures, sounds, or any other symbols." RCW 80.04.010(27); *see also* RCW 9.26A.100 ("'Telecommunications" shall have the same meaning as that contained in RCW 80.04.010 and includes telecommunications service that originates, terminates, or both originates and terminates in this state").

25. Under Washington law, "'[t]elecommunications company' includes every corporation, company, association, joint stock association, partnership and person, their lessees, trustees or receivers appointed by any court whatsoever, and every city or town owning, operating or managing any facilities used to provide telecommunications for hire, sale, or resale to the general public within this state." RCW 80.04.010(28); *see also* ("'Telecommunications company' shall have the same meaning as that contained in RCW 80.04.010").

26. Twitter transmits knowledge or intelligence represented by any form of writing, signs, signals, pictures, sounds, or any other symbols by wire, radio, optical cable, electromagnetic, or other similar means.

27. Twitter provide telecommunications for hire, sale, or resale to the general public within this state, at least by virtue of its provision, for money, of advertising to Twitter users.[1]

28. Twitter is a telecommunications company.

29. Twitter provides telecommunications service that either originates, or terminates, or both originates and terminates in the state of Washington.

30. Telephone numbers are "telephone records" as defined in RCW 9.26A.140, inasmuch as they comprise "information retained by a telecommunications company that relates

[1] *See* https://business.twitter.com/en/help/ads-policies/campaign-considerations/about-eligibility-for-twitter-ads.html (last accessed September 20, 2020).



Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

to the telephone number dialed by the customer or the incoming number or call directed to a customer, or other data related to such calls typically contained on a customer telephone bill such as the time the call started and ended, the duration of the call, the time of day the call was made, and any charges applied." RCW 9.26A.140.

31. Telephone numbers are telephone records which pertain to the person whose telephone number it is.

32. Each telephone number is a telephone record which pertains to at least the user associated with that telephone number.

33. A telephone record may pertain to a person other than the person who pays for the telephone service associated with that number.

34. For example, in so-called "friends and family" type plans, one person might be contractually responsible for paying the invoicing for multiple telephone numbers, where all but one of the telephone numbers pertains to other persons.

35. In that type of arrangement, a telephone number constitutes a record that pertains to a user who is not the financially responsible subscriber.

**B. Twitter's Unlawful Procurement Of Telephone Records.**

36. Twitter procured a telephone record which pertains to Gray.

37. Specifically, Twitter procured Gray's telephone number from Gray.

38. Twitter did so with fraudulent, deceptive, or false means.

39. Those means included assurances to Gray that Gray could designate the uses to which the telephone number was put, thereby maintaining control over the use of the telephone number by Twitter, through functions made available on Twitter's user-facing systems.

40. In making these representations, Twitter falsely assured Gray that it would honor the privacy choices exercised by her, a user.

41. Gray provided her telephone number, a telephone record which pertains to her, to Twitter.



Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

42. She did so in reliance on Twitter's fraudulent, deceptive, or false means, namely, assurances that she could designate the uses to which the telephone number was put and thereby maintain control over the use of the telephone number by Twitter, through functions made available on Twitter's user-facing systems.

43. Twitter procured telephone records which pertain to other Washington persons.

44. Specifically, Twitter procured telephone numbers from other Washington persons.

45. Twitter did so with fraudulent, deceptive, or false means.

46. Those means included assurances to other Washington persons that they could designate the uses to which the telephone number was put, thereby maintaining control over the use of the telephone number by Twitter, through functions made available on Twitter's user-facing systems.

47. In making these representations, Twitter falsely assured Washington users that it would honor the privacy choices exercised by users.

48. Other Washington persons provided telephone numbers, telephone records which pertains to each of them, to Twitter.

49. They did so in reliance on Twitter's fraudulent, deceptive, or false means, namely, assurances that each person could designate the uses to which the telephone number was put and thereby maintain control over the use of the telephone number by Twitter, through functions made available on Twitter's user-facing systems.

50. Twitter did not honor the privacy choices exercised by Gray or other Washington users.

51. Twitter provided to Gray and each Washington user various screens purportedly for account management that purported to give Gray and other Washington users the ability to control the use to which Twitter put phone numbers it had procured.

52. Unbeknownst to Gray or any Washington user, Twitter did not honor the privacy choices exercised by users, as evidenced to Twitter through the account settings selections made on those screens.



Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

53. No user knew or could have known of Twitter's fraudulent, deceptive, and false representations regarding its false assurances that it honored the privacy choices exercised by users prior to October 8, 2019.

54. Twitter concealed its wrongdoing until October 8, 2019.

55. On October 8, 2019 Twitter publicly acknowledged that "when [users] provided an email address or phone number for safety or security purposes (for example, two-factor authentication) this data may have inadvertently been used for advertising purposes, specifically in our Tailored Audiences and Partner Audiences advertising system."[2]

56. Whatever Twitter means by "inadvertent," it used fraudulent, deceptive, or false means to obtain the telephone record of Gray.

57. Whatever Twitter means by "inadvertent," it used fraudulent, deceptive, or false means to obtain the telephone records of other Washington users.

58. Twitter used fraudulent, deceptive, or false means to obtain telephone records, namely telephone numbers, from Gray and countless other Washington users.

59. Those means included promising users that Twitter would honor the privacy choices exercised by users regarding the use of telephone numbers through user-facing Twitter systems.

60. However, despite its false promises, Twitter did not create, implement, or execute systems that honored users' designations as to use of those numbers.

61. In doing so, Twitter's fraudulent, deceptive, or false means in obtaining the telephone numbers increased its revenue, by increasing the amount advertisers paid it for ads.

62. Twitter committed its acts of fraudulent, deceptive, or false means of obtaining telephone records for financial gain.

63. A reasonable opportunity for discovery will also reveal whether Twitter disclosed telephone numbers to advertisers, despite its recent assurances to the contrary.

---

[2] *See* https://help.twitter.com/en/information-and-ads#10-08-2019 (last accessed September 20, 2020).



Ard Law Group PLLC

P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

64. If so, it also "[i]ntentionally [sold] the telephone record of any resident of this state without the authorization of the customer to whom the record pertains." RCW 9A.26.140.

65. If so, it committed that act of sale for financial gain.

**C. Civil Remedy.**

66. Due to the foregoing conduct, Twitter is "subject to legal action for injunctive relief and either actual damages, including mental pain and suffering, or liquidated damages of five thousand dollars per violation, whichever is greater." RCW 9A.26.140.

67. Each telephone number Twitter obtained from a Washington person constitutes a separate violation of RCW 9A.261.40, subject to $5,000 liquidated damages.

68. Each separate occasion on which Twitter disclosed the telephone number of a Washington person to advertisers, thereby increasing the fees paid by those advertisers, constitutes a separate violation subject to $5,000 liquidated damages.

69. Gray has sustained injury to her person, business, or property by Twitter's acts that are part of a pattern of acts included in RCW 9A.82.010(4)(nn).

70. Gray may therefore file an action for the recovery of damages and the costs of the suit, including reasonable investigative and attorney's fees.

## V. Class Allegations

71. Gray brings this action as a class action pursuant to Rules 23(a) and 23(b)(2) and or (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class of persons:

***All Washington persons who provided a telephone number to Twitter prior to October 8, 2019.***

72. Excluded from the Class is any person, firm, trust, corporation, or other entity related to or affiliated with Defendant.

73. Gray reserves the right to amend the Class definition if further investigation and/or discovery indicate that the Class definition should be narrowed, expanded, or otherwise modified.

74. Upon information and belief, numerous Washington persons provided telephone numbers to Twitter.



Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

75. Upon information and belief, the number of individuals and entities who comprise the Class are so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

76. Upon information and belief, class members may be identified from records maintained by Defendants, and may be notified of the pendency of this action by mail or electronic mail using the form of notice similar to that customarily used in class actions, including by using Twitter's telecommunications service.

77. Gray's claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by Defendant's wrongful conduct as complained of herein. Gray is unaware of any interests that conflict with or are antagonistic to the interests of the Class.

78. Gray will fairly and adequately protect the Class members' interests and has retained counsel competent and experienced in class actions and complex litigation. Gray and Gray's counsel will adequately and vigorously litigate this class action, and Gray is aware of her duties and responsibilities to the Class.

79. Defendant has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions affecting individual Class members. The questions of law and fact common to the Class include, *inter alia*:

a. Whether Defendant obtained telephone records which pertain to residents of this state through fraudulent, deceptive, or false means;

b. Whether Defendant intentionally sold the telephone records of residents of this state; and

c. The remedies available to Gray and the Class.

80. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all Class members is impracticable. Furthermore,



Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

as the injury and/or damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible as a practical matter for Class members to individually redress the wrongs done to them. There will be no difficulty in managing this action as a class action.

81. Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## VI. Cause Of Action

82. Gray hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

83. This sole Count is brought pursuant to RCW 9.26A.140 and RCW 9A.82.100, on behalf of the Class, against Defendant.

84. Defendant obtained telephone records of residents of this state through fraudulent, deceptive, or false means and/ or intentionally sold the telephone records of residents of this state without the authorization of the customer to whom the record pertains.

85. Pursuant to RCW 9.26A.140, Gray and each member of the Class is entitled to $5,000 in liquidated damages for each such violation.

## VII. Prayer For Relief

WHEREFORE, Gray and the Class pray for relief and judgment as follows:

A. Declaring that this action is properly maintainable as a class action under Civil Rule 23, and certifying Gray as the Class representative and Gray's counsel as Counsel for the Class;

B. Declaring that Defendant engaged in the unauthorized procurement and sale of telephone records under RCW 9.26A.140;

C. Awarding Gray and the members of the Class the remedy of statutory damages of $5,000 for each violation, together with pre- and post-judgment interest;

D. Awarding costs of investigation and litigation, including expert witness costs, and reasonable attorneys' fees, against Defendant;



Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243

E. Enjoining Defendant from further violations of RCW 9.26A.140; and

F. Such other and further relief as this Court may deem just and proper.

## VIII. Jury Demand

Gray and the Class hereby demand a trial by jury.

///

///

///

September 21, 2020.

Ard Law Group PLLC

By: /s/ [signature]

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 11633
Bainbridge Island, WA 98110
Phone: (206) 701-9243
Attorneys For Plaintiff And The Putative Class