UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARLIN GRAY, individually and on behalf of all others similarly situated,<br><br>                               Plaintiff,<br>     v.<br><br>TWITTER, INC.,<br><br>                               Defendant. | CASE NO. 2:20-cv-01389-LK<br><br>ORDER DENYING MOTION TO STAY |

      This matter comes before the Court on the motion of plaintiff Darlin Gray for a stay of this action pending the resolution of a similar action filed in Spokane County Superior Court, *Morgan v. Twitter*, No. 22-2-01372-32 (Spokane Cnty. Sup. Ct.) (the "*Morgan* Action"). Dkt. No. 31. Specifically, Gray seeks a stay "until such time as it is clear that her claims will be resolved in *Morgan*, such as through her recognition as a member of a class in *Morgan*, or due to a final resolution adverse to her legal theory by the Washington Supreme Court." *Id.* For the reasons explained below, the Court denies the motion.

ORDER DENYING MOTION TO STAY - 1

## I. BACKGROUND

Gray filed this lawsuit on September 21, 2020, bringing class action claims against Twitter, Inc. for violating Section 9.26A.140 of the Revised Code of Washington ("Section 140"). Dkt. No. 1. On December 7, 2020, Twitter filed a motion to dismiss, arguing that the complaint failed to state a claim under Section 140. Dkt. No. 17. The Honorable Brian A. Tsuchida issued a report and recommendation ("R&R") that recommended dismissal of Gray's claims with prejudice. Dkt. No. 22 at 23. In April 2021, Gray filed objections to the R&R, Dkt. No. 25, and separately filed a motion to certify five questions to the Washington Supreme Court regarding issues ostensibly raised by Judge Tsuchida's R&R, Dkt. No. 24. Judge Tsuchida's R&R and Gray's motion to certify questions to the Washington Supreme Court remain pending before the Court.

On May 3, 2022, the *Morgan* Action was filed in Spokane County Superior Court. Dkt. No. 32 at 3. Lead counsel for the plaintiff and putative class in *Morgan* also serves as counsel for Gray and the putative class in this suit. *See* Dkt. No. 1 at 11; *Morgan v. Twitter*, No. C22-0122-MKD, Dkt. No. 1 at 23 (E.D. Wash. May 19, 2022). On May 19, 2022, Twitter removed the *Morgan* Action to the U.S. District Court for the Eastern District of Washington. *Morgan*, No. C22-122-MKD, Dkt. No. 1 (E.D. Wash. May 19, 2022). On the same day, Twitter moved to stay the *Morgan* Action. *Id.* at Dkt. No. 5. On May 26, 2022, the plaintiff in *Morgan* filed a motion to remand to state court. *Id.* at Dkt. No. 8. Gray agrees that remand is warranted in *Morgan*. Dkt. No. 33 at 3.

## II. DISCUSSION

This Court begins and ends its analysis of Gray's motion with the first-to-file rule. The first-to-file rule is a doctrine of federal comity that allows a district court to decline jurisdiction over a second-filed action when a similar action is already pending in another district. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011). The rule applies to federal cases removed

ORDER DENYING MOTION TO STAY - 2

from state court. *See, e.g.*, *Garlic Jim's Franchise Int'l, Inc. v. L&D Ventures, LLC*, No. C08-0795-MJP, 2008 WL 11508396, at *2 (W.D. Wash. Sept. 12, 2008). While courts are given discretion in deciding whether to apply the first-to-file rule, *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991), they should strive to apply it such that "'economy, consistency, and comity'" are maximized. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). The aim is to avoid duplicative litigation and promote judicial efficiency. *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000).

In deciding whether to transfer under the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn*, 787 F.3d at 1240. With respect to the latter two factors, the parties and issues need not be identical, but they must be substantially similar. *Id.* In the context of a class action, courts compare the putative classes rather than the named plaintiffs to see whether both classes seek to represent at least some of the same individuals. *See, e.g.*, *Bewley v. CVS Health Corp.*, No. C17-802RSL, 2017 WL 5158443, at *2 (W.D. Wash. Nov. 7, 2017); *Ctr. v. Pompeo*, No. C18-1122-JLR, 2018 WL 6523135, at *5 (W.D. Wash. Dec. 12, 2018).

This action was filed well before the *Morgan* Action. The parties are substantially similar because the proposed class definitions in *Morgan* and this action are virtually the same. *Compare* Dkt. No. 1 at 8 (defining the proposed class as "[a]ll Washington persons who provided a telephone number to Twitter prior to October 8, 2019") (emphasis omitted), *with Morgan*, No. C22-0122-MKD, Dkt. No. 1 at 21 (E.D. Wash. May 19, 2022) (defining the proposed class as "[a]ll Washington persons who provided a telephone number to Twitter *associated with a Twitter account* prior to *September 17, 2019*" (emphasis added)). Given that the proposed *Morgan* class is identical to the one in this action save for the qualification that the class member's telephone

ORDER DENYING MOTION TO STAY - 3

number must be "associated with a Twitter account" and the slightly earlier end date for class membership, it is clear that the proposed class in this action is similar to the one in *Morgan* and would likely encompass all the members of that proposed class. Finally, the issues at stake in the two cases are substantially similar; as Gray acknowledges, judgment in *Morgan* would resolve her claims in this case because the *Morgan* Action raises "class claims under the same legal theory" as in this case. Dkt. No. 31 at 1; *compare* Dkt. No. 1, *with Morgan*, No. C22-0122-MKD, Dkt. No. 1 at 14–23 (E.D. Wash. May 19, 2022); *see also Morgan*, No. C22-0122-MKD, Dkt. No. 5 at 8–10 (E.D. Wash. May 19, 2022) (comparing the claims, parties, and allegations in the *Gray* and *Morgan* complaints).

Ignoring the first-to-file rule, Gray seeks a stay of *this* action because the issues being litigated here "may now be adjudicated in state court," and because "[t]here is no reason for the Western District of Washington to expend precious judicial resources on adjudication of a state law claim that will likely be resolved by a state court." Dkt. No. 31 at 2. But neither judicial economy nor the prospect of state court adjudication warrant a stay of this action.

Both the parties and the Court have already invested substantial resources in litigating Gray's claims in this forum. Twitter's motion to dismiss and Gray's motion to certify questions to the Washington Supreme Court have both been fully briefed by the parties, and Judge Tsuchida has already issued an R&R on the motion to dismiss with objections from Gray and a response to those objections from Twitter. Dkt. Nos. 17, 19, 21, 22, 24, 25, 26, 27, 28, 29. All of this effort had already been expended before the *Morgan* Action was filed on May 3, 2022. Gray fails to explain why litigating a new case involving virtually the same claims would conserve judicial resources rather than waste them.

Nor is the Court persuaded that the possibility that *Morgan* may be remanded to state court warrants a stay. Gray cites no law in support of her contention that it would be preferable for a

state court instead of a federal court to adjudicate her claims. And "[o]ur system of 'cooperative judicial federalism' presumes federal and state courts alike are competent to apply federal and state law." *McKesson v. Doe*, 141 S. Ct. 48, 51 (2020) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).[1] After all, Gray herself filed this action in federal court. In any case, *Morgan* remains pending in federal court, and the Court declines to prejudge the merits of the *Morgan* motion to remand by finding remand to be "inevitabl[e]." Dkt. No. 33 at 3.

### IV.   CONCLUSION

For the foregoing reasons, the motion to stay is DENIED.

Dated this 21st day of July, 2022.

Lauren King
United States District Judge

---

[1] Even if the *Morgan* Action were remanded to state court, the mere fact of parallel state and federal court proceedings does not necessarily weigh in favor of a stay. As the Supreme Court "has repeatedly held," "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).